IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| WESLEY LYONS JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-24-03553 |
| MARYLAND CHILD SUPPORT ADMIN., | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Wesley Lyons Jr., an inmate in the Harford County Detention Center who is self-represented, filed this lawsuit against the Maryland Child Support Administration ("MCSA") asking for this Court to "force reinstatement" of his driver's license and "order restitution to be paid" for his lost wages by "parties responsible for" an error he alleges the MCSA committed. ECF 1. The Clerk's Office sent a deficiency notice to Plaintiff noting that no summonses had been filed. ECF 4. In response, Plaintiff corrected that error and filed a new petition to proceed *in forma pauperis*. ECF 6, 7. However, this Court's initial review of the Complaint reflects that this Court lacks subject matter jurisdiction over this case, rendering it unable to proceed in this Court.

The following facts are derived from Plaintiff's Complaint. ECF 1. In August of 2022, over $4000 was intercepted from Plaintiff's tax return by "the child support administration."[1] *Id.* at 2. Since then, he received several notices of intent to suspend his driver's license for nonpayment of child support. *Id.* at 2-3. When he contacted the MSCA, they told him they had no record of the intercept but would look into it. *Id.* at 3. They later contacted Plaintiff and informed him that

---

[1] The Complaint does not specify which child support administration intercepted the money.

Georgia had intercepted the money without notifying Maryland. *Id.* Plaintiff continued to receive suspension letters and has had his license suspended since September 5, 2023. *Id.* Plaintiff has also received a summons for being in contempt of court for failure to comply with a court order regarding a claimed child support obligation of $8,296.88. *Id.* Plaintiff believes this obligation to be in error. *Id.* He had a hearing in this matter scheduled for July 2024, but it was canceled.[2] *Id.* at 2.

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district

---

[2] The Complaint does not specify where the hearing was scheduled to be held or why it was cancelled.

court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

Federal courts are courts of limited jurisdiction and are only permitted to hear cases under particularized circumstances. First, federal diversity jurisdiction statute allows federal courts to exercise original jurisdiction over civil actions between "citizens of different States" "where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, "which means that no plaintiff may share a citizenship with any defendant." *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020). Here, Plaintiff is a Maryland citizen and is suing a Maryland agency. Therefore, this Court cannot exercise diversity jurisdiction.

The other option is federal question jurisdiction. However, Plaintiff's claims regarding erroneous handling of his state child support obligations are not brought under the "Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331. This Court therefore lacks subject matter jurisdiction to hear Plaintiff's claims, which must be handled through the appropriate state agency or filed in state court.

Finally, under the Eleventh Amendment to the United States Constitution, state agencies are immune from suit in federal court absent their consent. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") (citing *Florida Department of Health v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981) (per curiam)). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it

has not waived its immunity under the Eleventh Amendment to suit in federal court. To the extent Plaintiff wishes to sue a Maryland agency, he must file his suit in state court.

    For the reasons set forth above, Plaintiff's Complaint will be dismissed without prejudice for lack of subject matter jurisdiction and this case will be closed. Plaintiff's motion to proceed in forma pauperis, ECF 6, will be denied as moot. A separate Order follows.

Dated:  March 4, 2025                                                          /s/
                                                                         Stephanie A. Gallagher
                                                                         United States District Judge